# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| JASON KAULFUSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| , | ) |
| | ) |
| NATURE'S HEALTH AND BEAUTY | ) |
| LLC, CYNTHIA SCHOENBERG, and | ) |
| MATTHEW SCHOENBERG, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendants and alleges the following:

### Jurisdiction and Parties

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367.

2. Defendant Nature's Health and Beauty LLC ("Nature's Solutions") is a New Hampshire limited liability company that operates under the assumed name of "Nature's Solutions." Defendant does business in Tennessee and has its principal address at 6503 Hixon Pike, Suite 107, Hixon, Tennessee, 37343. Its registered agent for service of process is Matthew Schoenberg, 6234 Prickly Loop, Ooltewah, Tennessee, 37363.

3. Defendant Cynthia Schoenberg is the president of Nature's Solutions and has operational control of the company. She is a member/owner of Nature's Solutions. She is married to Defendant Matthew Schoenberg.

4. Defendant Matthew Schoenberg is the chief executive officer of Nature's Solutions and has operational control of the company. He is a member/owner of Nature's Solutions. He is married to Defendant Cynthia Schoenberg.

5. Defendant Nature's Solutions sells HYLA brand air filtration systems. It utilizes sales employees to call on potential customers and sell the products. Defendant also sells these products through a website to customers throughout the United States, and facilitates the shipment of the products across state lines.

6. In July of 2023, Plaintiff was hired by Nature's Solutions to work as a sales person in the Chattanooga area. Plaintiff solicited and met with potential customers and attempted to and did sell them air filtration systems.

7. Defendants agreed to pay Plaintiff minimum compensation of $850 a week. Defendants further agreed that if Plaintiff earned commissions on his sales that exceeded $850 a week, he would be paid the higher earned commissions amount instead of $850.

8. Plaintiff worked for two weeks at Defendants' company, and Defendants paid him $850 for the first week and $300 for the second week.

9. During each of his two weeks of employment, Plaintiff worked overtime hours of more than 40 per workweek.

10. Defendants failed to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate of pay for overtime hours.

11. In addition, Plaintiff's compensation of $300 for his second week of employment did not amount to at least a minimum wage of $7.25 an hour based on the number of hours Plaintiff worked that week.

12. As explained above, Defendants also failed to pay Plaintiff at least $850 for his second week of work in accordance with their agreement.

13. Defendant Cynthia Schoenberg, who closely supervised Plaintiff's work, was well aware that Plaintiff was working over 40 hours per workweek.

14. Defendant Cynthia Schoenberg made the decision about how much compensation Plaintiff would receive for his work.

15. Defendant Matthew Schoenberg works closely with his wife in managing the company. He is well aware of the work hours of sales persons and the manner in which those employees are paid, and he participates in the decisions about how those employees are paid.

### Count 1—Violation of FLSA—Overtime Violations

16. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-15 above.

17. Defendant Nature's Health and Beauty LLC was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

18. Plaintiff was an "employee" of Defendant Nature's Health and Beauty LLC as defined by Section 203(e)(1) of the FLSA.

19. Defendant Cynthia Schoenberg was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

20. Plaintiff was an "employee" of Defendant Cynthia Schoenberg as defined by Section 203(e)(1) of the FLSA.

21. Defendant Matthew Schoenberg was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

22. Plaintiff was an "employee" of Defendant Matthew Schoenberg as defined by Section 203(e)(1) of the FLSA.

23. While he was employed by Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

24. Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendants have annual gross volume of sales which exceed $500,000.00.

25. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

26. Pursuant to Section 207(a)(1) of the FLSA, Defendants were required to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during a workweek.

27. Defendants' failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

28. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for overtime back pay.

29. In addition to the amounts of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

30. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### Count 2— Violation of FLSA—Minimum Wage Violations

31. Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs adopt by reference the allegations set forth in paragraphs 1-30 above.

32. Pursuant to Section 206(a)(1)(C) of the FLSA, Defendants were required to pay Plaintiff a minimum wage of at least $7.25 an hour for the hours he worked each workweek.

33. Defendants' failure to pay Plaintiff the minimum wage for the work he performed during his second week of employment is a violation of Section 206(a)(1)(C) of the FLSA.

34. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for back pay in the amount of the minimum wages he is owed.

35. In addition to the amount of unpaid minimum wages owing to Plaintiff, he is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

36. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### Count 3—Breach of Contract Under Tennessee State Law

37. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-36 above.

38. Defendants' agreement to pay Plaintiff at least $850 a week for his work while he was employed by at Nature's Solutions was an enforceable contract under Tennessee law.

39. By failing to pay Plaintiff at least $850 for the work he performed during his second week of employment, Defendants breached their contract with Plaintiff.

40. As a result of Defendants' breach of contract, Plaintiff sustained and is entitled to recover damages amounting to the difference in the compensation he received for his second week of employment and the $850 Defendants agreed to pay him.

### Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendants for damages that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to his overtime back pay;

(c) minimum wage back pay;

(d) liquidated damages in an amount equal to his minimum wage back pay;

(e) unpaid wages as damages resulting from Defendants' breach of contract;

(f) interest;

(g) reasonable attorney's fees and costs;

(h) all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 013839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff